**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARIAN ACOSTA PENA,

Petitioner,

v. No. 2:26-cv-02132-MLG-JMR

MARKWAYNE MULLIN, Secretary of the
United States Department of Homeland Security; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Darian Acosta Pena's petition for writ of habeas corpus ("Petition"), filed July 1, 2026. *See* Doc. 1. Acosta Pena challenges her continued detention without an individualized custody determination and requests immediate release. Doc. 1 at 7, 9. Federal Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 6 at 1-2. Given these facts, and because there is no indication that Acosta Pena is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs her detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").[2] Acosta Pena's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than Dora Castro, Warden of the Otero County Processing Center.

[2] Federal Respondents assert that Acosta Pena's detention accords with 8 U.S.C. § 1225(b)(2)(A). Doc. 6 at 3. They however concede that their position is directly contrary to *Santillan Quiroz*, 180 F.4th 1226, and this Tenth Circuit precedent applies to this case. *Id.* at 3-4.

Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Acosta Pena from custody.
2. Upon Acosta Pena's release, Respondents must return all of her property, including any identification documentation, that was in her possession when she was detained.

3. If Federal Respondents elect to re-detain Acosta Pena, they are enjoined from detaining her pursuant to 8 U.S.C. § 1225(b)(2)(A).

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA